UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIMAL LEGAL DEFENSE FUND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF AGRICULTURE, et al., <br><br> Defendants. | Case No. 17-cv-00949-WHO <br><br> **ORDER GRANTING MOTION TO DISMISS** <br><br> Dkt No. 26, 35 |

## INTRODUCTION

Plaintiffs Animal Legal Defense Fund, et. al., seek to compel the United States Department of Agriculture ("USDA") to publicly post, in an online reading room, a number of documents related to enforcement activities of the Animal Plant Health Inspection Service ("APHIS"). I previously denied plaintiffs' request for a preliminary injunction because, in part, plaintiffs had not demonstrated that they were likely to succeed on their Freedom of Information Act ("FOIA") and Administrative Procedures Act ("APA") claims. Preliminary Injunction Order ("PI Order") (Dkt. No. 30). I concluded that plaintiffs' claims would fail because (1) courts cannot issue injunctions to enforce FOIA's reading room provision; and (2) plaintiffs' APA claims were barred because FOIA provides an adequate, alternative remedy. *Id.* at 7-10, 12-13. The USDA now moves to dismiss the complaint, arguing that the findings from the PI Order, as well as a number of other, previously unaddressed issues, warrant dismissal. Because I conclude that the findings from my PI Order doom plaintiffs' claims, and because plaintiffs offer no persuasive reason to reconsider my prior analysis, I GRANT the motion to dismiss.

## BACKGROUND

A full background of the issues in this case is included in the PI Order published on May

31, 2017. *See* PI Order at 2-5. I will include only a limited background here.

On February 3, 2017, the USDA blocked public access to enforcement-related APHIS documents that, in recent years, it has made publically available through its online Animal Care Information Search ("ACIS") and Enforcement Actions ("EA") databases. The USDA explained that it was temporarily removing these documents so that it could conduct a privacy review of the documents posted online and assess its public disclosure standards. It has since reposted tens of thousands of documents that it has determined are appropriate for public disclosure, but the process is ongoing and many documents remain unavailable on the online databases.

On February 23, 2017, in response to this change in public access, plaintiffs filed suit seeking to compel publication of these documents. Compl. (Dkt. No. 1). In their complaint, plaintiffs assert that by pulling the APHIS documents from its online databases, the USDA breached its obligations under FOIA's reading room provision, which requires agencies to make certain documents available for public inspection on an affirmative basis. *See* 5 U.S.C. § 552(a)(2). Plaintiffs brought claims under FOIA and the APA seeking to compel publication of the previously-available APHIS documents. *Id.*

On March 29, 2017, plaintiffs moved for a preliminary injunction, seeking immediate injunctive relief on their FOIA and APA claims. Dkt. No. 17. On May 8, 2017, before the preliminary injunction motion had been argued or decided, the USDA moved to dismiss plaintiffs' claims. Mot. to Dismiss ("Mot."), (Dkt. No. 26).

On May 31, 2017 I published the PI Order, denying plaintiffs' motion for a preliminary injunction and holding that plaintiffs were not likely to succeed on their FOIA or APA claims because (1) courts cannot issue injunctions to enforce FOIA's reading room provision; and (2) plaintiffs' APA claims were barred because FOIA provides an adequate, alternative remedy. *Id.* at 7-10, 12-13.

On June 21, 2017, plaintiffs filed their opposition to the USDA's motion to dismiss.[1] In it,

---

[1] Plaintiffs have also filed a motion for leave to file a surreply and a proposed surreply to address issues raised for the first time in the USDA's Reply. *See* Dkt. No. 35; Dkt. No. 35-2. This motion for leave is GRANTED. However, because it is not necessary to address the issues raised in the surreply to resolve the motion, I do not discuss the arguments it raises.

2

plaintiffs acknowledge that the PI Order's conclusions regarding the merits of their FOIA claim are dispositive, but ask me to reconsider that analysis. Oppo. at 12, 16 (Dkt. No. 32). They assert that I conflated two separate APA claims and failed to address the merits of their second "wholly independent" APA claim when I concluded that the APA claim is barred because FOIA provides an adequate alternative remedy. *Id.* at 20. As discussed below, plaintiffs' arguments in opposition are not convincing.

Plaintiffs have not offered any reason that reconsideration of my FOIA analysis would be appropriate. They simply rehash the arguments they made in support of a preliminary injunction. Further, my conclusion that plaintiffs cannot bring an APA claim because FOIA provides an adequate alternative remedy applies equally to both of their APA claims. Plaintiffs have not demonstrated any reason to diverge from the analysis in the PI Order. Accordingly, in line with the PI Order, plaintiffs' FOIA and APA claims must be dismissed.

## LEGAL STANDARD

A motion to dismiss filed pursuant to Rule 12(b)(1) is a challenge to the court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994). The party invoking the jurisdiction of the federal court bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested. *Id.*

A challenge pursuant to Rule 12(b)(1) may be facial or factual. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In a facial attack, the jurisdictional challenge is confined to the allegations pled in the complaint. *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). The challenger asserts that the allegations in the complaint are insufficient "on their face" to invoke federal jurisdiction. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). To resolve this challenge, the court assumes that the allegations in the complaint are true and draws all reasonable inferences in favor of the party opposing dismissal. *See Wolfe*, 392 F.3d at 362.

**DISCUSSION**

**I.    COUNT ONE: FOIA – FAILURE TO AFFIRMATIVELY DISCLOSE**

The USDA moves to dismiss plaintiffs' FOIA claim. In the PI Order I concluded, after a lengthy discussion, that plaintiffs were not likely to succeed on this claim because courts cannot order agencies to make records available to the public at large under FOIA. *See* PI Order at 7-10. This finding dooms plaintiffs' FOIA claim; I cannot grant plaintiffs the relief they seek and therefore lack jurisdiction to consider the claim.

In their opposition, plaintiffs "respectfully request reconsideration of this ruling." Oppo. at 16. However, plaintiffs offer no justification for reconsideration and simply rehash the arguments they already made, and which I rejected, in the PI Order. Reconsideration of a court order is only appropriate "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). None of these circumstances applies here: plaintiffs do not present new evidence, contend that I committed clear error in my prior ruling, nor assert that there has been a change in controlling law. Absent such circumstances, reconsideration is not appropriate.

As I concluded in the PI Order, courts cannot compel agencies to make documents available to the public at large under FOIA's reading room provision. *See* PI Order at 7-10. As a result, this court lacks jurisdiction to hear plaintiffs' FOIA claim. Plaintiffs' FOIA claim is DISMISSED.

**II.   COUNT TWO: APA – FAILURE TO AFFIRMATIVELY DISCLOSE**

As an alternative to its FOIA claim, plaintiffs have brought a parallel claim under the APA, challenging the USDA's failure to affirmatively disclose documents under FOIA's reading room provision. Compl. ¶ 59. In the PI Order I concluded that this claim was not likely to succeed because FOIA provides an "adequate alternative remedy" and thus prohibits plaintiffs from bringing a claim under the APA. *See* PI Order at 12-13; *see also* 5 U.S.C. § 704 (the APA permits review of any "final agency action for which there is *no adequate remedy* in a court.")(emphasis added).

4

Plaintiffs assert that in reaching this conclusion I conflated their two separate APA claims and did not give full consideration to their second APA claim regarding the deletion of databases. Oppo. at 20. They do not argue that my APA analysis was incorrect with regard to their first APA claim and do not ask me to reconsider it. Accordingly, because FOIA provides an adequate alternative remedy, plaintiffs' APA claim for "failure to affirmatively disclose" is not reviewable by this court. This claim is DISMISSED.

### III. COUNT THREE: APA – DELETION OF DATABASES

Plaintiffs bring a second claim under the APA challenging the USDA's "deletion of databases" from their website. Compl. ¶¶ 65-66. They assert that I conflated this claim with their first APA claim in the PI Order when I concluded that plaintiffs could not bring a claim under the APA because FOIA provides an adequate alternative remedy for their informational injuries. Oppo. at 20; *see* PI Order at 12-13.

Plaintiffs assert that this "wholly independent" APA claim does not challenge the USDA's failure to comply with FOIA but rather challenges the agency's "arbitrary" decision to remove public databases from public view. Oppo. at 20. They assert that the USDA's actions constitute "final agency action that cannot be undertaken arbitrarily" and that, as a result, this APA claim "does not depend on the existence of FOIA at all." *Id.* Plaintiffs assert that "FOIA provides absolutely no remedy—adequate or inadequate—for an agency's discretionary decision to remove databases from the public domain, and thus there is no other adequate remedy for such an action taken arbitrarily." *Id.*

Despite plaintiffs' attempts to frame this APA claim as "independent" from FOIA, and wholly separate from their first APA claim, it is not. This claim, just like Count Two, challenges the USDA's decision to remove databases and documents from public view. And just like Count Two, plaintiffs' injury is an informational injury based on a lack of access to documents that they assert they are entitled to under FOIA. Plaintiffs' argument that this claim is "independent" from FOIA because it is based on the USDA's obligations under the APA, rather than FOIA, misses the point. While the USDA may have obligations under both FOIA and the APA, the plaintiffs have only one injury – an informational injury that depends on statutory rights conferred by FOIA. In

5

the context of assessing whether there is an adequate alternative *remedy* to plaintiffs' claims, the focus is on plaintiffs' *injury* and the possible means of redressing it. It is irrelevant that FOIA does not provide a specific means of challenging an agency's arbitrary decision to remove databases because plaintiffs do not have independent standing to challenge that action beyond its impact on plaintiffs' ability to access information to which they have a statutory right. What FOIA does provide is a means of redressing the only injury plaintiffs have identified by providing a means through which plaintiffs can obtain the information and documents that were once available on the USDA databases. As discussed in the PI Order, while this remedy may not be identical to the relief available under the APA, it is nevertheless adequate to redress the informational injury plaintiffs have identified and thus to bar separate review under the APA. *See* PI Order at 12-13.

Plaintiffs' informational injuries under Count Two and Count Three are identical. There is therefore no distinction between these two claims with regards to whether FOIA provides an "adequate alternative remedy." *See* PI Order at 12-13. Accordingly, plaintiffs' APA claim challenging the deletion of databases is DISMISSED.

## CONCLUSION

For the reasons outlined above, the USDA's motion to dismiss is GRANTED with leave to amend. Plaintiffs will have 21 days from the date of this Order to file an amended complaint.

**IT IS SO ORDERED.**

Dated: August 14, 2017

William H. Orrick
United States District Judge